UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMIAH THEDE,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

Case No. 17-cv-03528-PJH

**ORDER GRANTING MOTION TO WITHDRAW**

Re: Dkt. No. 71

    The court is in receipt of attorney Michael Danko's ("attorney Danko") application to withdraw as counsel for plaintiff. Dkt. 71. Attorney Danko seeks to withdraw both himself and his law firm, Danko Meredith. Id. at 2. Good cause appearing, the court hereby **GRANTS** the application as stated herein.

    Local Rule 11-4 requires that any attorney barred in this district comply with the California Rules of Professional Conduct. Civ. L.R. 11-4(a)(1). California Rule of Professional Conduct 1.16 generally permits an attorney to withdraw from representing a client if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively," Cal. R. Prof. Conduct 1.16(b)(4), or "the lawyer believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal," id. 1.16(b)(10). Additionally, Local Rule 11-5 permits a lawyer to withdraw from an action only if relieved by court order "after written notice has been given reasonably in advance to the client and all other parties who have appeared in the case." Civ. L.R. 11-5(a).

    In support of his application, Attorney Danko and his associate, Shawn Miller ("attorney Miller") (collective with attorney Danko, "counsel"), state that there has been an irreconcilable "breakdown" in attorney-client communications and that such breakdown

became apparent in early November.  Dkt. 71-1 ¶¶ 11-12; Dkt. 71-2 ¶ 6.  While not detailed in their declarations, it appears that counsel have attempted but been unable to obtain plaintiff's agreement to appear pro se or retain substitute counsel.  Dkt. 71 at 2.  Based on counsels' representations, the court finds that the requested withdrawal is justified under the California Rules of Professional Conduct.

Additionally, in his declaration, attorney Miller stated that he prepared a letter addressed to plaintiff indicating his firm's intent to withdraw and that such letter was sent to plaintiff by overnight mail on November 17, 2020.  Dkt. 71-2 ¶ 7.  It also appears that counsel personally served plaintiff with this application's papers on or around November 18, 2020.  Dkt. 72 (certificate of service).  Based on these filings, the court finds that attorney Danko and his firm have provided plaintiff with reasonable notice of their intent to withdraw.

### CONCLUSION

Given the above, the court **GRANTS** the application to withdraw (Dkt. 71).  Except as conditioned below, Attorney Danko and his law firm are terminated from this action effective immediately.  The court permits plaintiff until **December 31, 2020** to appear pro se or retain substitute counsel.  If plaintiff fails to file a notice of appearance by that date, the court may enter a Rule 41(b) order of dismissal for failure to prosecute.

As a condition of withdrawal, the court **ORDERS** counsel to continue to receive and forward any filings or other papers in this action until plaintiff appears pro se or retains substitute counsel.  Civ. L.R. 11-5(b).  This condition expires on **December 31, 2020**.  To the extent counsel has not already, it must release any client property in its possession as required under the California Rule of Professional Conduct 1.16(e).  Incident to the above, the court orders counsel to immediately inform plaintiff of this order and the above-referenced condition of withdrawal.

**IT IS SO ORDERED.**

1  Dated: November 25, 2020

                                          /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge