UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH THEDE,<br><br>    Plaintiff,<br><br>       v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Case No. 17-cv-03528-PJH<br><br>**ORDER COMPELLING PLAINTIFF TO APPEAR FOR A DEPOSITION**<br><br>Re: Dkt. No. 74 |

On December 15, 2020, defendant filed an administrative motion for an order (1) compelling plaintiff to appear for a deposition and (2) extending the pretrial and trial dates by 45 days. Dkt. 74. In support of its motion, defendant details a pattern of behavior by plaintiff over the past several months of discovery that has made it difficult for defendant to develop its case. Id. at 2-4. Defendant specifies that plaintiff has failed to provide sufficient discovery responses, Dkt. 74-1 ¶¶ 3, 5, failed to appear for two noticed depositions, id. ¶¶ 7, 9-11, and requested a four-month postponement of his mandatory settlement conference before Magistrate Judge Westmore, id. ¶ 8. Defendant explains that, at least concerning one of the missed depositions and the settlement conference, plaintiff's then-counsel stated only that plaintiff was "unwell," id. ¶ 7, or "ill," id. ¶ 8.

On November 25, 2020, the court permitted plaintiff's then-counsel to withdraw from this action, provided that counsel continue to forward all filings until plaintiff appears pro se, plaintiff retains substitute counsel, or December 31, 2020. Dkt. 73. Plaintiff's response to this motion, if any, was due December 21, 2020. As of the date of this order, plaintiff has failed to respond or otherwise explain his pattern of delay.

The court **GRANTS** defendant's request for an order compelling plaintiff to appear

for a remote video deposition via Zoom.  Defendant may notice that deposition for no earlier than **Wednesday, December 30, 2020** and no later than **Wednesday, January 6, 2021**.  Absent extraordinary circumstances provided by plaintiff in writing **at least 48 hours** in advance of the noticed deposition, plaintiff must appear at that deposition.  A party's deposition is the bare minimum that any opposing party should receive.

At this time, the court **DENIES** defendant's request to continue the pretrial and trial dates.  In the event plaintiff fails to appear for this third-noticed deposition, the court may altogether dismiss his action with prejudice for failure to comply with this order and failure to prosecute under Rule 41(b).  Under that scenario, then, the existing dates and deadlines become moot.  In the event plaintiff does appear and defendant still needs additional time to develop its case, defendant may renew this request.

**IT IS SO ORDERED.**

Dated: December 23, 2020

                                          */s/ Phyllis J. Hamilton*
                                          PHYLLIS J. HAMILTON
                                          United States District Judge