United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH THEDE,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES, INC.,<br><br>   Defendant. | Case No. 17-cv-03528-PJH<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS ACTION, DIRECTING PLAINTIFF'S COUNSEL TO CERTIFY PRIOR SERVICE TO PLAINITFF, AND VACATING CERTAIN DATES AND DEADLINES**<br><br>Re: Dkt. Nos. 73, 75, 76 |

On November 18, 2020, plaintiff's former counsel, Michael S. Danko and his law firm Danko Meredith (collectively, "attorney Danko") filed a motion to withdraw as counsel for plaintiff. Dkt. 71. On November 25, 2020, the court granted attorney Danko's motion on the condition that attorney Danko "continue to receive and forward any filings or other papers in this action until plaintiff appears pro se or retains substituted counsel. This condition expires on **December 31, 2020**." Dkt. 73 at 2 (emphasis in the original).

In that same order, the court permitted plaintiff until December 31, 2020 to appear pro se or retain substitute counsel. Id. The court expressly cautioned plaintiff that if he failed to do so "by that date, the court may enter a Rule 41(b) order of dismissal for failure to prosecute. Id. To date, neither substitute counsel nor plaintiff has appeared in this action.

On December 15, 2020, defendant filed an administrative motion requesting an order (1) requiring plaintiff to appear for a remote video deposition and (2) extending various dates in this action. Dkt. 74. In support of its requests, defendant detailed a pattern of behavior by plaintiff over the past several months of discovery that has made it

difficult for defendant to develop its case. Id. at 1.  Defendant specified that plaintiff failed to provide sufficient discovery responses, Dkt. 74-1 ¶¶ 3, 5, failed to appear for two noticed depositions, id. ¶¶ 7, 9-11, and requested a four-month postponement of his mandatory settlement conference before Magistrate Judge Westmore, id. ¶ 8.  Aside from some vague statements by plaintiff's then-counsel (attorney Danko) that plaintiff was "unwell," id. ¶¶ 7-8, plaintiff failed to provide any meaningful explanation for his behavior.  Plaintiff did not oppose defendant's motion or contest its characterization of his litigation conduct.

On December 23, 2020, on the basis of the above-referenced conduct, the court issued an order compelling plaintiff to appear for a video deposition.  Dkt. 75 at 2.  It permitted defendant to notice that deposition "for no earlier than Wednesday, **December 30, 2020** and no later than **Wednesday, January 6, 2021**." Id.  For a second time, the court expressly cautioned plaintiff that if he "fails to appear for his third-noticed deposition, the court may altogether dismiss his action with prejudice for failure to comply with this order [compelling his deposition] and failure to prosecute under Rule 41(b)." Id.

On January 1, 2021, defendant filed a letter with the court.  Dkt. 76.  In it, defendant (1) explains that plaintiff failed to appear for his third-noticed deposition and (2) requests that the court dismiss this action pursuant to Rule 41(b) for his failure to comply with the court's prior orders and prosecute this action. Id. at 2.

In support of its request, defendant attaches two emails that it sent to attorney Danko on December 23, 2020.  The first email attaches a copy of the court's December 23, 2020 order.  Dkt. 76-3 (10:21 am email with attachment).  The second email attaches a copy of defendant's second amended notice of deposition.  Dkt. 76-5 (3:00 pm email with attachment).  In both emails, defendant asks attorney Danko to send the above-referenced attachments to plaintiff.  Dkt. 76-3 at 1 ("But in the meantime, please send the attached order to Mr. Thede as Judge Hamilton required."); Dkt. 76-5 at 1 ("Please forward [the second amended notice of deposition] to Mr. Thede.").  Defendant also attaches a third email that it sent to attorney Danko on December 28, 2020.  Dkt. 76-1 at

2

1-3. That email attaches a copy of the court reporter's technical procedures for conducting a video deposition. Id. at 4-5. Defendant again asked attorney Danko to immediately forward the subject procedures to plaintiff. Id. at 1 ("Could you please forward this information to Mr. Thede as soon as possible.").

Despite the above-listed notice from defendant, plaintiff did not appear for his deposition. Dkt. 76-1 (deposition transcript reflecting plaintiff's non-appearance after over 30 minutes of waiting past noticed time). On the deposition record, defendant's counsel stated that, in addition to his emails to attorney Danko, he himself "asked that plaintiff advise us of his intentions with respect to the deposition." Id. (deposition transcript 6:14-19). Defendant's counsel then noted that he has "heard nothing from plaintiff," including "nothing that would constitute a writing 48 hours or more prior to this point about the deposition or why plaintiff believed he could not appear." Id. at 3 (deposition transcript 6:14-7:5).

On January 2, 2021, defendant filed a proof of service showing that it post-mailed a copy of its January 1, 2021 letter (Dkt. 76) to plaintiff on January 2. Dkt. 77. To date, plaintiff has not filed any response. In light of the above, the court orders the following:

- Attorney Danko must file a certification showing its compliance with the court's November 25, 2020 order requiring that it continue to receive and forward all prospective filings (including the November 25 order) until and including December 31, 2020. As part of its certification, attorney Danko must specify the date and method that it forwarded each such filing. In the event attorney Danko did not forward any such filing, it must state so. Attorney Danko must file the subject certification **within ten days** of this order.
- Plaintiff must show cause why this action should not be dismissed pursuant to Rule 41(b) for failure to comply with his discovery obligations, failure to appear or retain substitute counsel, failure to appear for his various noticed depositions, and general failure to prosecute this action. Plaintiff must file a response addressing all of these failures **within ten days** of this order. In the event plaintiff fails to do

3

so, the court will dismiss this action with prejudice for failure to comply with its prior orders and failure to prosecute under Rule 41(b).  The court orders **defendant** to immediately serve plaintiff with a copy of this order and file a proof of such service.

- All dates and deadlines in this action, **EXCEPT** for the parties' February 10, 2021 settlement conference with Judge Westmore (Dkt. 70), are **VACATED**.

**IT IS SO ORDERED.**

Dated: January 12, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge